(No. 74-CV-2—

CLARENCE AUSTIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1975.*

CLARENCE AUSTIN, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on December 8, 1973, at 6954 South Yale Avenue, Cook County, Chicago, Illinois. Clarence Austin, victim of crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act", *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71, et. seq.* (hereafter referred to as "*the Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence presented at a hearing held before the Commissioner on December 5, 1974, the Court finds:

1. That the claimant, Clarence Austin, age 25, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit:

"Aggravated Battery", (*Ill. Rev. Stat., 1973, Ch. 38, Sec. 12-4).

2. That on December 8, 1973, claimant was accosted by three men as he was getting out of his car at 6954 South Yale in Chicago. One of the men took out a straight razor and slashed the victim on the face and fingers.

3. That there was no evidence presented that the injury to the claimant was attributable to his wrongful act or substantial provocation of his assailant.

4. That the victim transported himself to Wood-

lawn Hospital, 6060 South Drexel, Chicago, Illinois, where surgery was performed by Dr. Edlberto Nepomunceno. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailants, fled from the scene and have not been identified.

6. That the victim and his assailant were not related nor sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the claimant seeks compensation under the Act for medical expenses and loss of earnings.

9. That the claimant was unable to work from December 8, 1973, to February 12, 1974, a total of 2 1/5 months, or 67 days.

10. That the claimant's average monthly earnings for the 6 months immediately preceeding his injury were $650 or $21.35 per day and $1,430.68 for the 67 days. That claimant received compensation for his lost earnings in the amount of $600, and that his lost earnings as a result of his injury were therefore $830.68. This amount is less than $500 per month and is therefore compensable pursuant to the following provision in Sec. 4 of the Act:

"Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

11. That, in addition to loss of earnings, the claimant incurred medical expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Hospital | $1,527.95 |
| 2) | Medical | $ 840.00 |

$2,367.95

12. That, in determining the amount of compensation to which an applicant is entitled, Sec. 7 (d) of the Act states that this court—

"(d) shall deduct $200 plus the amount of benefits, payments of awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)".

13. That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by Sec. 7(d) of the Act, were shown to be in the total sum of $2,084.95. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in Par. 10 and 11 leaves a loss compensable under the act of $913.68. Hence, the claimant is entitled to an award in the amount of $913.68, i.e.,

| | |
|---|---|
| Net loss of earnings | $ 830.68 |
| Net Hospital and Medical | 283.00 |
| | $1,113.68 |
| Less $200 deductible | 200.00 |
| Amount awarded | $ 913.68 |

It Is Hereby Ordered that the total sum of $913.68 (Nine Hundred Thirteen Dollars and Sixty Eight Cents) be awarded to the claimant, an innocent victim of a violent crime.